{¶ 114} I believe the trial court abused its discretion (1) when it failed to release funds for appellant to obtain a forensic expert and (2) when it denied appellant's motions for a private investigator and expert medical assistance at the state's expense. Due process entitles an accused to the right to a fair trial by operation of the Sixth andFourteenth Amendments to the United States Constitution.[7] The right to a fair trial is denied where an indigent criminal defendant is incapable of mounting a full defense because he lacks the resources to employ necessary experts and is precluded from obtaining funds to do so. I accordingly dissent.
 {¶ 115} Here, appellant moved the court for funds to obtain an investigator, a medical expert, and a forensic expert at the state's expense. As in many rape cases, the state's theory was premised solely upon Ms. Davidson's allegations that she was raped. Appellant's defense was grounded upon his position that he did not rape Ms. Davidson. To prove its case, the state utilized police officers, investigators, detectives, a nurse examiner, a physician, and a forensic expert. Appellant, on the other hand, was armed only with defense counsel and his own version of the events. In my view, this stark imbalance in resources affected the fundamental fairness of the trial such that appellant was denied due process of law under the constitution.
 {¶ 116} In Ake v. Oklahoma, the United States Supreme Court observed:
 {¶ 117} "[W]hen a State brings its judicial power to bear on an indigent defendant in a criminal proceeding, it must take steps to assure that the defendant has a fair opportunity to present his defense. This elementary principle, grounded in significant part on theFourteenth Amendment's due process guarantee of fundamental fairness, derives from the belief that justice cannot be equal where, simply as a result of his poverty, a defendant is denied the opportunity to participate meaningfully in a judicial proceeding in which his liberty is at stake."[8]
 {¶ 118} That court when on to state, "mere access to the courthouse doors does not by itself assure a proper functioning of the adversary process, and * * * a criminal trial is fundamentally unfair if the State proceeds against an indigent defendant without making certain that he has access to the raw materials integral to the building of an effective defense."[9]
 {¶ 119} Where a defendant does not possess and cannot afford the basic tools for mustering an adequate defense, such tools must be provided by the state.[10]
 {¶ 120} First, appellant was entitled to challenge the forensic analysis of the evidence produced against him at trial. While the trial court agreed, it failed to release the funds necessary for appellant to acquire an expert. Experts, forensic or otherwise, will not agree to work without a payment arrangement. It was unreasonable for the trial court to withhold initial funding, and, therefore, such withholding of funds constituted an abuse of discretion.
 {¶ 121} Moreover, I believe the imbalance in investigative resources, which weighed heavily in the state's favor, rendered the court's denial of appellant's motion for a private investigator per se unreasonable. The state's and appellant's factual constructions of the case were diametrically opposed. Appellant required more than his formal protestation of innocence to meaningfully combat the allegations against him. The Sixth Amendment right to present and compel witnesses to testify "is in plain terms the right to present a defense, [i.e.] the right to present the defendant's version of the facts."[11] Here, without an investigative expert, appellant was unable to fully exercise his guaranteed constitutional rights.
 {¶ 122} Finally, a medical expert could have challenged Ms. Davidson's allegations regarding her testimony that appellant struck her on the chin, thereby causing her serious physical harm. Further, the state presented testimony from the nurse examiner who administered an "alleged rape kit" and the examining physician who treated Ms. Davidson. A medical expert would have provided appellant the ability to test, if not refute, the findings and medical interpretations of these witnesses. Without a medical expert, appellant could neither properly investigate nor adequately prepare for these witnesses.
 {¶ 123} While the Sixth and Fourteenth Amendments do not require a perfect trial, they do mandate fairness.[12] Fairness means that the defendant should have the necessary resources for preparing a reasonable defense. As aptly stated by the United States Supreme Court, "[t]he right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations."[13] Without the assistance of the witnesses sought, appellant was denied his right to a "fair opportunity" to defend himself.
 {¶ 124} For these reasons, I dissent.
[7] See, e.g., Turner v. Louisiana (1965), 379 U.S. 466, 472.
[8] Ake v. Oklahoma (1985), 470 U.S. 68, 76.
[9] Id. at 77.
[10] Id.
[11] Washington v. Texas (1967), 388 U.S. 14, 19.
[12] Lutwak v. United States (1953), 344 U.S. 604, 619.
[13] Chambers v. Mississippi (1973), 410 U.S. 284, 294.